UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER L. ALLEN

       Plaintiff,                                No. 15-13591

v.                                            District Judge Paul D. Borman
                                                Magistrate Judge R. Steven Whalen

LITTON LOAN SERVICING and
OCWEN LOAN SERVICING,

       Defendants.
                                       /

**REPORT AND RECOMMENDATION**

On September 15, 2015, Plaintiff, proceeding *pro se,* filed suit in Wayne County Circuit Court, alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA"); the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), and MCL 600.3204(3) relating to his property located at 6118 Penrod in Detroit, Michigan. The case was removed to this Court on October 13, 2015. Currently before the Court is Defendant Ocwen Loan Servicing, LLC's ("Ocwen's") October 20, 2015 Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Dock. #3] which has been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED and that Defendant Ocwen be DISMISSED WITH PREJUDICE. I further recommend that the Court *sua sponte* DISMISS WITH

PREJUDICE unserved Defendant Litton Loan Servicing ("Litton").[1]

## I.   FACTS

Plaintiff, proceeding *pro se,* makes the following allegations:

He purchased the property in question in 2004, and in 2009, Defendant Litton began servicing his mortgage loan. *Complaint, Docket #1, Exhibit A,* ¶ 3.  In November, 2010 or 2011, Plaintiff made written requests for validation of the loan after suspecting "fraud in the loan." *Id.* at ¶ 4.  Defendant Litton ignored his attempts to validate the loan and instead, "quickly handed over the servicing of the loan" to Defendant Ocwen. *Id.*  In response to Plaintiff's attempts to validate the loan, Defendant Ocwen "quickly stopped sending billing statements and [instead] listed the account as a collection." *Id.* at ¶. 5.  Plaintiff alleges that although neither Defendant Litton nor Defendant Ocwen have a recorded interest in his property, they have "destroyed" his "credit worthiness by their derogatory reports" to the credit reporting agencies. *Id.* at ¶ 6.  Plaintiff requests damages and the permanent removal

---

[1] Defendant Litton has not been served and is not a party to this motion. However, for the same reasons discussed with regard to Defendant Ocwen, the claims against Litton are devoid of merit, and the Court may *sua sponte* dismiss that Defendant under Fed.R.Civ.P. 12(b)(1).  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)( "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion"); *see also Higgins v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction).  A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

of the derogatory reports to the credit reporting agencies.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III.   DISCUSSION

**A.   Claims Under the FCRA Should be Dismissed**

Defendant Ocwen argues for dismissal of the claim that it improperly furnished derogatory information to the credit reporting agencies. *Defendant's Brief,* 2-3. Ocwen submits that Plaintiff failed to contact any of the credit reporting agencies to complain of the derogatory information before filing the FCRA claim. *Id.*

Under the FCRA, "[c]onsumers may bring suit to recover actual damages, and potential attorney's fees and costs, from '[a]ny person who is negligent in failing to comply with any requirement imposed...with respect to any consumer' under the Act. 15 U.S.C. § 1681o." *Boggio v. USAA Fed. Sav. Bank,* 696 F.3d 611, 615 (6th Cir.2012). "[I]f a

consumer can establish that a furnisher willfully violated one of its duties, then under § 1681n the consumer may recover actual or statutory damages, as well as punitive damages." *Id.* at 616.

Nevertheless, while a private cause of action is available, Plaintiff has not made a plausible claim under the FCRA. In *Davis v. PNC Mortg.*, 2014 WL 4801968, *9 (E.D.Mich. September 23, 2014), the Court held:

> "[I]n order to assert a cause of action against Defendant for violating the FCRA, Defendant must have received notice of the dispute from a credit reporting agency. *Id.* ('[C]onsumers may step in to enforce their rights only after a furnisher has received proper notice of a dispute from a [credit reporting agency].'); *see also Brown v. Wal–Mart Stores, Inc.,* 507 F. App'x 543, 547 (6th Cir. December 6, 2012)('A private cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute. Directly contacting the furnisher of credit information does not actuate the furnisher's obligation to investigate a complaint.' (citations omitted)).

First, as in *Davis,* Plaintiff has failed to allege that he "filed a dispute with a credit reporting agency, or that either Defendant received notice of the dispute from a credit reporting agency." *Id.*

In his response, Plaintiff denies that he did not file a "complaint/dispute" with the consumer reporting agencies, stating that he was "only in litigation because the consumer reporting agencies failed to investigate on three separate occasions." *Response, Docket #8*, 1. Nonetheless, Plaintiff's generalized response that he filed a "complaint/dispute" with one or more consumer reporting agencies on unspecified dates does not rescue the claim. First, while Plaintiff alleges Defendant Litton "wrongfully placed a charge off" on his credit report

"without having a lawful interest in the property," he acknowledges that the servicing of the loan was "quickly handed over" to Defendant Ocwen soon after either November, 2010 or 2011. *Complaint* at ¶ 10. Even assuming that Defendant Litton serviced the loan as late as the end of 2011, Plaintiff did not file suit until September 15, 2015. The allegations against Litton are barred by a two-year statute of limitations for FCRA claims. § 1681p(1).

Second, Plaintiff has otherwise failed to allege violations of the FCRA by either Litton or Ocwen. While he claims that the reported information was "derogatory," he does not allege that either Defendant negligently or willfully provided *false* information. *Complaint* at ¶ 8. Rather, these claims appear to be based on the erroneous premise that Defendants impermissibly reported information to the credit reporting agencies before recording their interest in the property with the County's Register of Deeds. *Id.* at ¶¶ 8-11; *Response* at 2 ("Defendant fraudulently furnished late reports to my credit profile without having a lawfully recorded interest which caused injury").

MCL § 600.3204(3) directs that a party other than the original mortgagee foreclosing on a mortgage by advertisement must record its interest before the date of a foreclosure sale. Section 600.3204(3) is wholly inapplicable to the FCRA claim. Plaintiff does not allege that either Defendant is attempting to foreclose on his property. Nothing in the Michigan foreclosure statute indicates that Defendant loan servicers are forbidden to report accurate but derogatory mortgage loan information to the credit reporting agencies before recording their interest in the property with the Register of Deeds. For these reasons, the FCRA claims

should be dismissed.

### B.  FDCPA Claims are Also Subject to Dismissal

Plaintiff appears to allege that in violation of the FDCPA, both Defendants failed to respond to his requests for debt validation.

15 U.S.C. § 1692g (a) sets forth a debt collector's obligations under the FDCPA:

> "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirtyday period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

In regard to disputed debts, 1692g(b) states as follows:

> "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30–day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and

address of the original creditor."

Plaintiff's FDCPA claims fail, even assuming that neither party responded to Plaintiff's request for validation of the loan. Plaintiff alleges that Defendant Litton began servicing the loan around 2009, *Complaint* at ¶ 3, and later, placed the account in default. *Response* at 8. Nowhere in the Complaint or his response does Plaintiff claim that the account was in default when Defendant Litton began servicing the loan. "Courts have concluded that 'a mortgage loan servicer is not a debt collector under the FDCPA where the borrower was not in default at the time the servicer acquired its interest in the loans.'" *Donley v. Seterus, Inc.,* 2016 WL 4138235, *2 (E.D.Mich. August 4, 2016)(Steeh, J.)(*citing Thomas v. Mortg. Elec. Registration Sys., Inc.,* 2012 WL 834688, at *7 (E.D. Mich. Mar. 13, 2012))(Edmunds, J.). Because neither Ocwen nor Litton is a "debt collector," they are not subject to the requirements of the FDCPA.

In addition, the claim is time-barred. The FDCPA provides a one-year statute of limitations from the date the violation occurs. 15 U.S.C. § 1692k(d)**.** By Plaintiff's account, Litton stopped servicing the account in November, 2010 or 2011. At a minimum, the claims expired by the end of November, 2012. Plaintiff alleges that "soon after" Ocwen began servicing the loan, he sent the servicer "debt validation letters." Even assuming that "soon after" could be extended to two years after Ocwen took over the account, the FDCPA claims expired well over one year before Plaintiff filed suit. The Complaint cannot be construed to allege that Plaintiff sent debt validation letters at any time in the year before filing suit.

Notably, Plaintiff does not dispute Defendant Ocwen's position that the relevant activity occurred more than one year before filing suit, but instead claims incorrectly that the applicable statute of limitation is six years.[2] Because Plaintiff does not dispute that the relevant events occurred more than one year before filing suit, the FDCPA claims are time-barred.

### C. Plaintiff has Failed to State a Claim Under MCL § 600.3204(3)

MCL § 600.3204(3) states as follows:

> If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must exist before the date of sale . . . evidencing the assignment of the mortgage to the party foreclosing the mortgage.

Even assuming that Defendant loan servicers have not recorded an interest in the property, this claim is unavailing. Plaintiff does not allege that either Defendant is attempting to foreclose on the property. The statute does not bar either Defendant from engaging in collection activity, nor does it forbid the loan servicers from reporting Plaintiff's late payments to the credit reporting agencies. Accordingly, the claims under § 600.3204(3) are subject to dismissal.

---

[2] Plaintiff relies on the six-year general limitations period for tort claims under MCL § 600.5813 which is inapplicable to his FDCPA claim. *Plaintiff's Response* at 2.

### IV. CONCLUSION

For these reasons, I recommend that Defendant Ocwen's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Dock. #3] be GRANTED and that the case be DISMISSED WITH PREJUDICE as to that Defendant. I further recommend that the Court *sua sponte* DISMISS WITH PREJUDICE unserved Defendant Litton Loan Servicing.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is

extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: August 31, 2016

### CERTIFICATE OF SERVICE

    I hereby certify on August 31, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants August 31, 2016.

s/Carolyn M. Ciesla<br>
Case Manager for the<br>
Honorable R. Steven Whalen

Dated: August 31, 2016